```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

UNITED STATES SURETY COMPANY,

        Plaintiff,

v.                                            Case No. 8:12-cv-2574-T-33EAJ

GLOBAL EGG CORP.,

        Defendant.
_____/

## **ORDER**

This cause comes before the Court pursuant to Plaintiff's Motion to Dismiss Without Prejudice (Doc. # 31), filed on January 15, 2013. Defendant filed a response in opposition to the motion (Doc. # 33) on January 30, 2013. For the reasons that follow, the motion is granted.

## I.   **Background**

Plaintiff United States Surety Company (USSC) issues performance and payment bonds for public and private projects. (Doc. # 1 at ¶ 1). In February of 2011, USSC issued a performance bond to Paul Howard Construction Company, which "took over completion" of a construction project after the original contracting corporation had been terminated for default. <u>Id.</u> at ¶¶ 9-10. The original construction plans for the Project had been issued by the

"Department of the Army, Jacksonville District Corps of Engineers." Id. at ¶ 6.

"In order to induce USSC to issue the performance bond, [Paul Howard] executed a General Agreement of Indemnity in favor of USSC that, among other things, assigned to USSC all of [Paul Howard's] contracts for the Project in the event of a default by [Paul Howard]." Id. at ¶ 11.

Subsequently, Paul Howard entered into an agreement with Defendant Global Egg (the Global Agreement) to assist in performing the work required to complete the Project. Id. at ¶ 12. Additionally, Paul Howard and Global Egg formed a Purchase Order Agreement, pursuant to which Global Egg furnished certain equipment to the jobsite in exchange for payments from Paul Howard. Id. at ¶ 14.

Paul Howard failed to make the required payments under the Purchase Order Agreement, which interfered with Global Egg's ability to utilize necessary dredging equipment. Id. at ¶ 17. Thus, on August 23, 2012, Global Egg notified Paul Howard by letter that it considered Paul Howard in breach of the Global Agreement and that Global Egg intended to terminate the Global Agreement on September 24, 2012. Id. "In the alternative, Global [Egg] stated that it would

2

Case 8:12-cv-02574-VMC-EAJ   Document 34   Filed 01/31/13   Page 3 of 9 PageID 307

continue working on the project, under the contract, until termination, if it ha[d] use of the dredge (or a substitute) to give [Paul] Howard or its successor/assignee an opportunity to cure the above described contract breaches." Id.

In response to Global Egg's letter, USSC contacted Global Egg in an effort to settle Global Egg's dispute with Paul Howard so as to continue progress on the Project and avoid termination of Paul Howard by the Corps. Id. at ¶ 19. On August 27, 2012, USSC and Global Egg entered into a Settlement Agreement pursuant to which, among other terms, USSC agreed to pay Global Egg $267,917.00, and Global Egg agreed to withdraw its notice of intent to terminate. Id. Global Egg "also agreed to a restrictive covenant stating that its equipment on site will remain on the Project until its completion unless USSC/[Paul Howard] and Global Egg jointly agree otherwise, in writing." Id.

Despite USSC's efforts, the Corps default-terminated Paul Howard's contract for the Project on November 2, 2012. Id. at ¶ 21. This termination also triggered the assignment to USSC of Paul Howard's Purchase Order Agreement with Global Egg. Id. at ¶ 22. On November 7, 2012, the Corps notified USSC that it expected the surety

3

to complete the work, "including any excess costs of reprocurement and the assessment of liquidated damages." Id. at ¶ 23.

In response to this notice, USSC began to plan for the performance of the remaining work; these plans anticipated USSC's use of the equipment at the Project site supplied by Global Egg pursuant to the Purchase Order Agreement and Settlement Agreement with USSC. Id. at ¶ 24.

On November 9, 2012, Global Egg expressed its dissatisfaction with the details of USSC's plans to perform the remaining work. Id. at ¶ 25. Specifically, Global Egg apparently objected to USSC's intention "to provide Project oversight." Id. Consequently, Global Egg's president notified USSC that "he intended to be in Florida early next week to secure his equipment," and further "wish[ed] USSC the best of luck concerning the remaining Project work." Id. USSC interpreted this notice to mean that Global Egg intended to return to the Project site to remove its dredging equipment in violation of the terms of the Settlement Agreement. Id.

On November 15, 2012, USSC filed the instant action against Global Egg, alleging that Global Egg was "actively in the process of removing its equipment from the Project

4

site." Id. at ¶ 27. The Complaint seeks relief for breach of contract (Count I) as well as "Injunctive Relief for Violation of Restrictive Covenant" (Count II).

On November 21, 2012, USSC filed a motion for preliminary injunction, seeking to prohibit Global Egg from removing the dredging equipment from the Project site. (Doc. # 18 at 19). The Court referred that motion to the Honorable Elizabeth A. Jenkins, United States Magistrate Judge (Doc. # 19), and on January 2, 2013, Judge Jenkins entered a Report and Recommendation recommending that USSC's motion for preliminary injunction be denied. (Doc. # 30). On January 15, 2013, USSC filed the instant Motion to Dismiss Without Prejudice. (Doc. # 31). This Court adopted Judge Jenkins's Report and Recommendation on January 23, 2013. (Doc. # 32).

## II. Discussion

"A plaintiff may dismiss an action without the court's approval if the plaintiff files a notice of dismissal before the opposing party serves an answer or a motion for summary judgment." Merrill Lynch Credit Corp. v. Lenz, No. 09-60633-CIV, 2010 WL 2103016, at *1 (S.D. Fla. May 25, 2010) (citing Fed. R. Civ. P. 41(a)). "After the opposing party serves an answer or a motion for summary judgment, a

5

stipulation of dismissal signed by all parties who have appeared must be filed with the court for a plaintiff to dismiss her claims." Id. "Unless these conditions are satisfied, a court order is required for a plaintiff to voluntarily dismiss an action [pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure]." Id.

Rule 41(a)(2) is not to be employed without consideration of the defendant. The Eleventh Circuit commented in McCants v. Ford Motor Co., Inc., 781 F.2d 855 (11th Cir. 1986), that "[t]he purpose of the rule is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." Id. at 856 (internal quotations omitted). McCants further advised that "a district court considering a motion for dismissal without prejudice should bear in mind principally the interests of the defendant, for it is the defendant's position that the court should protect." Id.

As stated in Pontenberg v. Boston Sci. Corp., 252 F.3d 1253 (11th Cir. 2001), "[t]he district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2). In most cases, a voluntary dismissal should be granted unless the defendant will

suffer clear legal prejudice, *other than the mere prospect of a subsequent lawsuit*, as a result." Id. at 1256 (internal citations omitted) (emphasis in original). The Eleventh Circuit has further noted that, in exercising equitable discretion under Rule 41(a)(2), a district court must "weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." McCants, 781 F.2d at 857.

In the instant motion, USSC states that "since the filing of this action, USSC has learned that Defendant's corporate charter has been revoked by the state of New York, rendering Defendant no longer a valid corporation. Because of these new facts, USSC desires to dismiss this action without prejudice since any relief it might obtain against Defendant would likely be of no effect given its lack of corporate status." (Doc. # 31 at 2). Global Egg opposes USSC's motion, arguing that USSC's position regarding Global Egg's corporate status is disingenuous at best (especially in light of USSC's recent filing of another action against Global Egg in state court), and further contending that "dismissing this case would cause [Global Egg] clear legal prejudice." (Doc. # 33 at 1-2).

7

The parties have not conducted discovery or filed any dispositive motions in this case; indeed, as of this date, the Court has not yet entered a case management and scheduling order in this action. Thus, although Global Egg claims to have expended "significant sums" in defending this action, the Court finds that those costs do not constitute sufficient prejudice to warrant denial of the Rule 41(a)(2) motion for dismissal. Id. at 9. Additionally, the Court notes that Rule 41(d) of the Federal Rules of Civil Procedure operates to shield Global Egg from such potential prejudice in this matter. Under Rule 41(d), if USSC attempts to file another action "based on or including the same claim against the same defendant," the court in the newly-filed action "may order the plaintiff to pay all or part of the costs of that previous action and may stay the proceedings until the plaintiff has complied." Fed. R. Civ. P. 41(d); see Groom v. Bank of America, No. 8:08-cv-2567-T-27EAJ, 2010 WL 627564, at *1 (M.D. Fla. Feb. 23, 2010) ("Rule 41(d) expressly contemplates the prejudicial impact on a defendant when a plaintiff dismisses and re-files against that defendant . . . .").

Furthermore, the Court acknowledges Global Egg's

alleged intention "to counterclaim against USSC as surety for [Paul Howard]." (Doc. # 33 at 1). However, as of yet, no counterclaim has been filed in this action, and the Court finds that Global Egg's option of filing a separate lawsuit to assert its claims against USSC remedies any prejudice Global Egg may suffer in this regard.

Accordingly, because this Court finds that Global Egg will not suffer clear prejudice other than the mere prospect of a subsequent lawsuit, the Court dismisses this action without prejudice pursuant to Rule 41(a)(2).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff's Motion to Dismiss Without Prejudice (Doc. # 31) is **GRANTED.**

(2) This case is **DISMISSED** without prejudice. The Clerk is directed to **CLOSE THIS CASE.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 31st day of January, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record

9